IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

CARLA JEAN CARSON,

    Plaintiff,

v.                                          Civil Action No. 5:14CV51
                                                         (STAMP)
CAROLYN W. COLVIN,
Acting Commissioner
of Social Security,

    Defendant.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE**

I.  Procedural History

The plaintiff, Carla Jean Carson, filed an application for Supplemental Security Income ("SSI") under Title II and Title XVI of the Social Security Act. In the application, the plaintiff alleged disability since February 4, 2005 due to chronic obstructive pulmonary disease ("COPD"), reduced visual acuity, degenerative disc disease of the cervical and lumbar spines, allergies, several additional physical impairments, and three mental impairments. This was the plaintiff's third application, the plaintiff had previously been denied benefits in 2006 and 2011.

The Social Security Administration denied the plaintiff's application initially and on reconsideration. The plaintiff requested a hearing before an Administrative Law Judge ("ALJ"), and a hearing was held at which the plaintiff was represented by counsel.

At the hearing, the plaintiff testified on her own behalf, as did a vocational expert.  The ALJ issued a decision finding that the plaintiff was not disabled under the Social Security Act but instead found that the plaintiff had a Residual Functional Capacity ("RFC") to perform medium work with exceptions.  Further, the ALJ found that the plaintiff was unable to perform any past relevant work.  However, the ALJ found that there were jobs in the national economy that the plaintiff could perform.  Thus, the plaintiff's benefits were again denied.  The plaintiff then timely filed an appeal of the decision to the Appeals Council.  The Appeals Council denied the plaintiff's request for review.

The plaintiff then filed a request for judicial review of the ALJ's decision in this Court.  The case was referred to United States Magistrate Judge James E. Seibert for submission of proposed findings of fact and recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). Both the plaintiff and the defendant filed motions for summary judgment.  After consideration of those motions, the magistrate judge entered a report and recommendation recommending that both parties' motions for summary judgment be denied, and that this action be remanded to the Commissioner for further action.  Upon submitting his report, Magistrate Judge Seibert informed the parties that if they objected to any portion of his proposed findings of fact and recommendation for disposition, they must file written objections within 14 days after

being served with a copy of the report. The magistrate judge further informed the parties that failure to timely object would result in a waiver of the right to appeal a judgment resulting from the report and recommendation. Neither party filed objections.

## II. Applicable Law

As there were no objections filed to the magistrate judge's recommendation, his findings and recommendation will be upheld unless they are "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). Additionally, because no party filed objections to the report and recommendation, the parties waived their right to appeal from a judgment of this Court based thereon. Thomas v. Arn, 474 U.S. 140, 148-53 (1985).

## III. Discussion

In her motion for summary judgment, the plaintiff points to two points of error that she believes warrant overturning the ALJ's decision, and the defendant has responded to each in turn. First, the plaintiff asserts that the ALJ's analysis under step three was insufficient. In response to this allegation of error, the defendant contends that there was substantial evidence to support the ALJ's analysis and any failure by the ALJ to articulate is harmless.

Next, the plaintiff argues that the ALJ's step two finding that plaintiff's three diagnosed mental impairments did not amount to a severe impairment was reversible error as the ALJ failed to

3

sufficiently develop the reasoning for that finding. On the other hand, the defendant argues in response that the ALJ's decision that the mental impairments were non-severe was supported by substantial evidence and further development by the ALJ was discretionary.

An ALJ's findings will be upheld if supported by substantial evidence. See Milburn Colliery Co. v. Hicks, 138 F.3d 524, 528 (4th Cir. 1998). Substantial evidence is that which a "'reasonable mind might accept as adequate to support a conclusion.'" Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Magistrate Judge Seibert issued a report and recommendation, in which he held that substantial evidence exists to support the ALJ's conclusions as to the analysis at step three. However, the magistrate judge held that substantial evidence did not exist to support the ALJ's other contested conclusion.

The magistrate judge first found that the ALJ did not "skip" the third step of the sequential analysis as the plaintiff alleged in her motion for summary judgment pursuant to Hair v. Astrue, No. 5:10-cv-309-D, 2011 WL 2681537 (E.D.N.C. June 16, 2011). The magistrate judge found that the ALJ considered the plaintiff's degenerative disc disease as severe in step two and thus, it appeared that the ALJ considered that disease in the third step as well. Thus, the magistrate judge found that the ALJ had not

"skipped" step three. However, the magistrate judge found that the ALJ failed to sufficiently explain his analysis at step three.

The magistrate judge next found that the ALJ did not sufficiently articulate his comparison of relevant listed severity criteria, under 20 C.F.R. pt. 404, subpt. P, App. 1, to the plaintiff's symptoms. The magistrate judge found that there was factual support that the plaintiff's symptoms met a listed impairment under the muscoskeletal listings and that the ALJ's opinion simply stated that the ALJ had "appropriately evaluated" the applicability of those listings along with others. However, the magistrate judge found that without further explanation, the ALJ's finding was insufficient.

Next, the magistrate judge found that the ALJ's conclusions as to the severity of the plaintiff's mental impairments were supported by substantial evidence. The magistrate judge found that the ALJ had relied on the plaintiff's treating psychologist's report and a psychiatric review technique completed by Dr. Bob Marinelli. The treating physician had reported mild to moderate deficiencies and Dr. Marinelli had reported mild limitations. Additionally, the magistrate judge found that it was within the ALJ's discretion to refer or not refer the plaintiff for additional medical examinations. Accordingly, the magistrate judge found that the ALJ had sufficiently completed the second step of his analysis and that there was substantial evidence to support his finding.

This Court has reviewed the record, as well as the parties' motions for summary judgment and, for the reasons set forth in the report and recommendation and finding no clear error, concurs with the magistrate judge that the parties' motions for summary judgment should be denied and the case be remanded solely for the ALJ, at step three of the five-step evaluation process, to compare each fo the listed criteria in the ALJ's June 27, 2013 decision to the evidence of the plaintiff's symptoms. Accordingly, the magistrate judge's report and recommendation is affirmed and adopted in its entirety.

IV. Conclusion

For the reasons set forth above, this Court finds that the magistrate judge's recommendation is not clearly erroneous and hereby AFFIRMS and ADOPTS the report and recommendation of the magistrate judge. The parties' motions for summary judgment are DENIED. It is further ORDERED that this case be REMANDED to the Commissioner for further action in accordance with this order.

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this order to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is directed to enter judgment on this matter.

IT IS SO ORDERED.

DATED:      March 2, 2015

                                        /s/ Frederick P. Stamp, Jr.
                                        FREDERICK P. STAMP, JR.
                                        UNITED STATES DISTRICT JUDGE